IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAVIER ROSALES<br>Plaintiff<br><br>v.<br><br>INVESTMENT RETRIEVERS, INC.<br>Defendant | § No. BV10- 1069<br>§<br>§<br>§ COMPLAINT AND JURY DEMAND<br>§ IRIZARRY, J.<br>§<br>§ LEVY, M.J |

Plaintiff JAVIER ROSALES brings suit against Defendant INVESTMENT RETRIEVERS, INC. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692.

### A. JURISDICTION AND VENUE

1. The Court has federal question jurisdiction over the lawsuit under 28 U.S.C. 1331 because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (the "FDCPA"), a federal statute. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

2. Venue in this District because all or a substantial part of the events or omissions giving rise to their claims occurred in Brooklyn, New York.

3. Plaintiff is an individual who resides in Kings County, New York.

4. Defendants INVESTMENT RETRIEVERS, INC. is a corporation organized under the laws of the State of California, with its principle place of business at 4511 Golden Foothill Parkway, Suite # 3, El Dorado, CA 95762. It may be served by and through the New York Secretary of State, Department of State's office at One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

### B. STATEMENT OF FACTS

5. On or about September 2009, defendant Investment Retrievers contacted plaintiff's

employer and disclosed that it was attempting to collect an alleged debt from plaintiff. Defendant demanded personal information from plaintiff's employer such as plaintiff's salary, and disclosed personal information regarding plaintiff, such as his social security number. Defendant Investment Retrievers intentionally contacted plaintiff's employer in attempt to cause embarrassment for plaintiff and to put plaintiff's employment status in jeopardy for the purpose of pressuring plaintiff to pay the alleged debt. Defendant also raised a thinly veiled threat of wage garnishment. These are not isolated incidents but rather defendant's pattern and practice in attempting to collect alleged debts.

6. Plaintiff disputed the debt, both orally and in writing, with defendant and demanded proof that he owed the money to them. Defendant Investment Retrievers failed to meaningfully verify the debt. Further, despite plaintiff's written demand to cease all communications, defendant continued to contact plaintiff in an attempt to collect the debt. Plaintiff also informed defendant that he could not receive calls at work, but defendant continued to call him at work, as well as continued to contact his employer.

7. After receiving plaintiff's dispute, defendant continued reporting the alleged debt to one or more of the credit reporting agencies without noting that plaintiff disputed the debt. On information and belief, defendant's false reporting damaging plaintiff's ability to obtain credit, retain credit on favorable terms, or be offered credit on favorable terms.

8. Defendant Investment Retrievers also continuously deluged plaintiff with telephone collection calls for the purpose of harassing and abusing plaintiff to pay the alleged, unverified debt. Many of those calls were to plaintiff's cell phone, forcing plaintiff to pay to be harassed.

9. Defendant sent one or more of the collection letters that contained a thinly veiled threat of wage garnishment; that implied that failure to pay could lead to "legal action" and reporting to

the credit reporting agencies that the account was delinquent; and that failed to include statutorily required warnings that they were seeking to collect information for the purpose of collecting a debt and that information obtained would used for that purpose.

10. Defendant Investment Retrievers, Inc. is a debt collector that is required to be licensed by the New York City Department of Consumer Affairs. However, defendant willfully refuses to comply with the licensing requirement, a condition precedent to being able to legally collect an alleged consumer debt from a New York City resident. Defendant does not now have, has never had, and has never applied for a license. Defendant's refusal to obtain licensing harms New York City consumers including plaintiff. The licensing requirement forces debt collectors to disclose whether any of the individual shareholders or officers been convicted of a crime; and to disclose whether they are currently subject a lawsuit, have had judgments rendered against them or have outstanding unpaid judgments. In this case, defendant Investment Retrievers, Inc. has been sued in federal court well over a dozen time for violating the FDCPA. Some of these suits allege the same sort of abusive conduct against other consumers that defendant committed against plaintiff in this case. Obviously, the licensing process this would help flag rogue, abusive debt collectors who have repeatedly violated the FDCPA. Defendant's willful refusal to be licensed is an attempt reduce the ability to be held accountable for their FDCPA violations, to be screened out if they have repeatedly violated the FDCPA, and thus to attempt to gain an unfair competitive advantage over its legitimate debt collection competitors.

11. Defendant's actions inflicted on plaintiff embarrassment, humiliation, invasion of privacy, fear of garnishment, fear of loss of employment, anxiety and other mental and emotional distress.

### COUNT # 1: Violations of the federal Fair Debt Collection

## Practices Act.

12. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

13. The purpose of the FDCPA is to eliminate abusive practices and to ensure that legitimate debt collectors are not competitively disadvantaged. 15 U.S.C. 1692(a)(e) ("It is the purpose of [the FDCPA] to eliminate abusive debt collection practices by debt collectors, [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged...")

14. Congress designed the FDCPA to be enforced primarily through private parties -- such as plaintiff – acting as "private attorneys general." See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance.")

15. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16. Defendant is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

17. The obligation alleged by defendant to be owed by plaintiff is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. Defendant acquired the debt that formed the basis of the underlying lawsuit after it went in default with the alleged original creditor.

19. Defendant's telephone calls and letters were attempts to collect a debt within the meaning of the FDCPA.

20. Defendant violated the following sections of the FDCPA: 15 U.S.C. 1692b, 1692c, 1692d, 1692e, 1692f, and 1692g. By way of example and not limitation defendant violated the F.D.C.P.A. by taking the following actions in an attempt to collect a debt or in connection with

4

an attempt to collect a debt: seeking to acquire location information regarding a consumer in an impermissible manner; impermissibly communicating with a consumer at the consumer's place of employment, or at an otherwise inconvenient time or place; impermissibly communicating with a third party; impermissibly failing to cease communications; engaging in conduct the natural consequence of which is to harass, oppress any person; the use of language the natural consequence of which is to abuse the hearer or reader; causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass the any person; placing telephone calls without meaningful disclosure of the caller's identity; using false, deceptive or misleading representations or means; misrepresenting the character, status, and amount of the debt; misrepresenting the compensation which may be lawfully received; the false representation or implication of garnishment or attachment; threatening to take and actually taking an action prohibited by law, or which is not intended to be taken; the false representation that the consumer has committed any conduct for the purpose in order to disgrace the consumer; communicating or threatening to communicate to any person false credit information, including the failure to disclose that a debt is disputed; the use of a false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer; failing to disclose that a communication is an attempt to collect a debt and that any information obtained would be used for that purpose; using a unfair or unconscionable means; attempting to collect an amount not permitted by law; impermissibly threatening to take a nonjudicial action to effect disposition of property (including the wage garnishment); and violating a consumer's validation rights, including rights regarding verification of a debt and regarding a disputed debt.

21.     Defendant's actions have damaged plaintiff.

### C. JURY DEMAND.

22. Plaintiff demands a trial by jury.

### D. PRAYER

23. For these reasons, Plaintiff asks for judgment against defendant for the following:

    i. The above referenced relief requested;

    ii. Statutory damages, including $1,000.00 pursuant to 15 U.S.C. § 1692k (FDCPA)

    iii. Actual damages within the jurisdictional limits of the court;

    iv. Attorney fees and costs;

    v. Prejudgment and post-judgment interest as allowed by law;

    vi. General relief;

    vii. All other relief, in law and in equity, both special and general, to which Plaintiff may be justly entitled.

Respectfully submitted,
/s/

Ahmad Keshavarz
THE LAW OFFICES OF AHMAD KESHAVARZ
NY State Bar Registration Number: 4524260

The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026

Phone: (718) 522-7900
Fax:   (877) 496-7809
Email: Ahmad@NewYorkConsumerAttorney.com